PER CURIAM.
This appeal involves the issue of attorney’s fees. Appellant entered into a contingency fee arrangement with its attorney. Appellant brought suit on a contract, which contract required appellee, as the losing party in litigation, to pay its attorney’s fees. Apparently, because the fee contract was not in writing, and also because of a perceived conflict with the case law pertaining to contingent fee contracts, the trial court refused to award fees to appellant. This was error. See e.g., Weaver v. School Bd. of Leon County, 624 So.2d 761, 762-63 (Fla. 1st DCA 1993), rev. denied, 634 So.2d 629 (Fla.), cert. denied, — U.S. —, 115 S.Ct. 119, 130 L.Ed.2d 64 (1994) (Even in light of rule 4-1.5(f)(1), (2), Rules Regulating the Florida Bar, where contingency fee agreements must be in writing, the court held that an oral contingency fee agreement was enforceable). See also Harvard Farms, Inc. v. National Casualty Co., 617 So.2d 400 (Fla. 3d DCA 1993).
We therefore reverse and remand to permit the trial court, upon appropriate application, to hold a hearing in order to determine a reasonable fee to be awarded to appellant against appellee for attorney’s fees.
REVERSED AND REMANDED.
HERSEY, STONE and KLEIN, JJ., concur.